IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LEONARD THOMPSON,            )
        Plaintiff,        )
                          )   Civil Action No. 13-962
    vs.                     )
                          )   Magistrate Judge Maureen P. Kelly
                          )
MARY MICHELS,                )   Re: ECF No. 11
        Defendant.        )

## OPINION AND ORDER

**KELLY, Magistrate Judge**

Pending before the Court is Defendant Mary Michels' ("Michels" or "Defendant") Motion to Dismiss, challenging the Court's jurisdiction over Plaintiff's action and further seeking dismissal on the grounds that Plaintiff's Complaint [ECF No. 3] fails to state a claim upon which relief may be granted. For the following reasons, and upon consideration of the Plaintiff's Complaint, the Motion to Dismiss and the briefs filed in support and opposition thereto, [ECF Nos. 3, 12, 16], the Motion to Dismiss for lack of jurisdiction is granted and Plaintiff's action is dismissed. Because amendment of the Complaint would be futile, the action is dismissed with prejudice and the Clerk is directed to mark this matter closed.

I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Leonard Thompson ("Thompson" or "Plaintiff") requested and was granted leave to file this *pro se* civil action *in forma pauperis*.

Plaintiff alleges that although both parties are residents of the Commonwealth of Pennsylvania, the Court has jurisdiction over this breach of contract matter pursuant to 18 U.S.C.

1

§ 1341, a federal criminal statute rendering illegal the use of mails for the commission of fraud. [ECF No. 3, ¶¶ 1-3].

Plaintiff's claim arises out an agreement between himself and Defendant's deceased husband, Tom Michels. Plaintiff alleges that in 1988, he approached Mr. Michels to form a business partnership. The two formed a corporation, Quad I, and both men were principal shareholders, each possessing 1000 shares. After obtaining financing with a line of credit, their venture began with a deal to supply latex gloves to the Hospital Counsel of Pennsylvania. While awaiting delivery of the shipment, Plaintiff alleges he was hospitalized and underwent by-pass surgery. [Id., at ¶¶ 4-9].

Upon his recovery, Plaintiff contacted Mr. Michels and requested his share of the proceeds from the sale of the gloves. Plaintiff was unable to procure his portion of the proceeds, and so Plaintiff asked his attorney for his shares in Quad I. After Plaintiff was unable to obtain the shares from the attorney, he "filed a complaint with the disciplinary board." Id. ¶¶ 10-13. Plaintiff again attempted to obtain payment from his Mr. Michels, but learned he had passed away. Plaintiff alleges he requested that Tom Michels' wife, Defendant Mary Michels, pay the amount owed from the proceeds of her husband's estate. Plaintiff contends that as Tom Michels' wife, Defendant has received the benefit of the outstanding debt. To date, Plaintiff has not received the money he claims is due him. Id. at ¶¶ 14-18.

## II. STANDARD OF REVIEW

Defendant's Motion to Dismiss is brought pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and challenges this Court's subject matter jurisdiction under 28 U.S.C. §1331 (federal question jurisdiction) and 29 U.S.C. § 1332 (diversity of citizenship jurisdiction). The Plaintiff has the burden of establishing that subject matter jurisdiction exists. Nichole Med.

2

Equip. & Supply, Inc. v. TriCenturion, Inc., 694 F.3d 340, 347 (3d Cir. 2012); Gould Elecs. Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). Rule 12(b)(1) challenges may be either facial or factual attacks. See 2 MOORE'S FEDERAL PRACTICE § 12.30 [4] (3d ed. 2007); Mortensen, 549 F.2d at 891. A facial challenge asserts that the complaint does not allege sufficient grounds to establish subject matter jurisdiction. Iwanowa v. Ford Motor Co., 67 F. Supp.2d 424, 438 (D.N.J. 1999). A court considering such a facial challenge assumes that the allegations in the complaint are true, and may dismiss the complaint only if it nevertheless appears that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction. Nichole Med. Equip. & Supply, 694 F.3d at 347; Cardio–Med. Assoc., Ltd. v. Crozer–Chester Med. Ctr., 721 F.2d 68, 75 (3d Cir. 1983); Iwanowa, 67 F. Supp.2d at 438.

Alternatively, Defendant seeks dismissal of the Complaint pursuant to Rule 12(b)(6), for failure to state a claim upon which relief may be granted. To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We look for "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements" of a claim for relief. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556).

### III. DISCUSSION

For a federal court to exercise diversity jurisdiction over an action, the parties must be citizens of different states and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a)(1). Citizenship of a natural person is determined by the state of his or her domicile.

3

See Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 182 (3d Cir. 2008). However, complete diversity is lacking when the plaintiff is a citizen of one state and a defendant is a citizen of that same state. See Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010). Plaintiff has noted his domicile as Pennsylvania, and indicates that Defendant is also a resident of Pennsylvania. Therefore, Plaintiff's Complaint does not establish diversity jurisdiction.

In addition, while federal courts have subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, "federal courts have federal question jurisdiction only when a *federal* claim appears in the complaint," Levine v. United Healthcare Corp., 402 F.3d 156, 162 (3d Cir. 2005) (citation omitted)(italics added). Here, Plaintiff alleges this Court's subject matter jurisdiction pursuant to 18 U.S.C. § 1341, which states:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined under this title or imprisoned not more than 20 years, or both. If the violation occurs in relation to, or involving any benefit authorized, transported, transmitted, transferred, disbursed, or paid in connection with, a presidentially declared major disaster or emergency (as those terms are defined in section 102 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. 5122)), or affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

However, criminal statutes do not give rise to civil liability. See Brett v. Brett, 503 F. App'x 130, 132 (3d Cir. 2012) (citing Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007); Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006)). Plaintiff does not allege any further violations of federal law for which he can assert a civil action, and so the Complaint does not establish federal question jurisdiction.

It is clear that Plaintiff believes he has stated a breach of contract action arising out of his dealings with Mary Michael's deceased husband. However, as more fully set forth above, that action is not within the jurisdiction of the federal courts.

Finally, the Court is mindful of the fact that in civil cases, *pro se* plaintiffs should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see, e.g., Fletcher—Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007). However, granting further leave to amend is not necessary where amendment would be futile or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Here, the Court finds that Plaintiff should not be given leave to amend because amendment would not cure the jurisdictional defects resulting from the citizenship of the parties and the lack of federal question jurisdiction. Accordingly, Plaintiff's Complaint, as filed in federal court, is dismissed with prejudice.

**IV.    CONCLUSION**

For the foregoing reasons, the Motion to Dismiss [ECF No. 11] is granted and Plaintiff's action is dismissed with prejudice.

# ORDER

AND NOW, this 12th day of March 2014, upon consideration of Defendant Mary Michels' Motion to Dismiss [ECF No. 11] and the briefs filed in support and opposition thereto, as well as the allegations set forth in Plaintiff's Complaint,

IT IS HEREBY ORDERED that the Motion to Dismiss is GRANTED, and Plaintiff's action is dismissed with prejudice. The Clerk shall mark this action closed.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if the Plaintiff wishes to appeal from this Order he or she must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Dated: March 12, 2014

cc: All counsel of record by Notice of Electronic Filing

Leonard Thompson
710 West North Ave., Apt. 502
Pittsburgh, PA 15221